IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LEVIS<br>5732 Cavalier Ct.<br>Bensalem, PA 19020<br><br>                    Plaintiff,<br>        v.<br><br>RECOVERY CENTERS OF AMERICA<br>HOLDINGS, LLC<br>2701 Renaissance Blvd., 4th Fl.<br>King of Prussia, PA 19406<br>        and<br>RECOVERY CENTERS OF AMERICA<br>MANAGEMENT COMPANY<br>2701 Renaissance Blvd., 4th Fl.<br>King of Prussia, PA 19406<br><br>                    Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.   This action has been initiated by Michelle Levis (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Recovery Centers of America Holdings, LLC and Recovery Centers of America Management Company (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Recovery Centers of America Holdings, LLC ("Defendant Entity 1") is located at the above-captioned address but operates a network of neighborhood-based recovery campuses that provide addiction care services to people who suffer from addiction chronic disease.

9. Defendant Recovery Centers of America Management Company ("Defendant Entity 2") is also located at the above-captioned address and operates a network of neighborhood-based recovery campuses that provide addiction care services to people who suffer from addiction chronic disease.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action. For example, Defendant Entity 1 appears on Plaintiff's prior short term disability payments but Defendant Entity 2 appears on Plaintiff's most recent W-2.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired to work for Defendants on or about February 29, 2016.

14. At the time of Plaintiff's involuntary separation from her employment with Defendants, on or about November 9, 2016 (discussed further *infra*), Plaintiff was employed as a Patient Accounts Supervisor.

15. While employed with Defendants, Plaintiff was a good performer and dedicated employee, and between her date of hire and August of 2016, she did not exhibit any significant employment issues and lacked any disciplinary history while working for Defendants.

16. In or about August of 2016, Plaintiff began being supervised by one, Mark Gallihue ("Gallihue").

17. Shortly after coming under the supervision of Gallihue in or about August of 2016, Plaintiff requested and took a medical leave of absence to undergo recovery/rehabilitation for alcohol dependency-related health issues, which prevented her (at the time) from working, sleeping, and performing general tasks.

18. Plaintiff remained out of work on a medical leave of absence for her aforesaid health conditions until on or about September 26, 2016, when she was released to return to work on full-duty.

19. Upon returning from her aforesaid medical leave of absence, Plaintiff was greeted with hostility and animosity by Gallihue, who, *inter alia*, failed to assist or have anyone else in Plaintiff's department assist with her work while she was on medical leave (even though it was

4

common at Defendants to have other employees assist with the workload of an individual who is out on medical leave).

20. Upon her return to work on or about September 26, 2016, Gallihue also informed Plaintiff that she had to complete all her work, which had not been touched for over a period of almost three weeks, within five (5) days.

21. While it was not an easy task and undoubtedly took a toll on Plaintiff (as she had just been released from recovery), she was able to complete all of the work that was asked of her in just five (5) days.

22. In addition to the hostility exhibited by Gallihue toward Plaintiff upon returning from her medical leave of absence, as discussed *supra*, Gallihue also (1) made discriminatory comments to Plaintiff regarding her medical leave such as, "this can never happen again" and "you need to make sure your work is done" (despite the fact that she had been out on medical leave and is not required to perform work while on a medical leave under the ADA); and (2) began to strip Plaintiff of her job/supervisory duties. For example:

    (a) Gallihue refused to allow Plaintiff to participate in the hiring process of individuals who were being hired for subordinate positions in her department;

    (b) Gallihue refused to provide Plaintiff with assignments;

    (c) Gallihue told individuals who were supposed to report to Plaintiff to report to other people within her department;

    (d) Gallihue began to give Plaintiff menial everyday job duties, such as self-pay statements and pharmacy billing; and

(e) Gallihue refused to allow Plaintiff to make decisions regarding her subordinate employees and then also refused to help her with problematic subordinate employees.

23. When Plaintiff attempted to address her concerns about the discriminatory treatment and other issues that she was having with Gallihue (including assignments and issues with the department itself), she was met with severe hostility and threats.

24. For example, Plaintiff repeatedly asked to meet with Gallihue to discuss her aforesaid concerns, but in response to her requests, Gallihue would either ignore her or tell her that he was not going to meet with her (without providing any logical explanation as to why).

25. Furthermore, when Plaintiff attempted to speak to Gallihue about an issue that she was having with a subordinate employee and her inability to complete assignments, rather than addressing the issue and assisting Plaintiff, Gallihue told Plaintiff that if her subordinate employee could not complete her assignments, Plaintiff was to do it.

26. In or about the beginning of October, 2016, Plaintiff informed Gallihue that she was going to speak to Human Resources about the issues she was having with the department and her subordinate employee (as Gallihue was clearly not assisting her and would not let her make decisions regarding her subordinate employees on her own). In response, Gallihue responded by stating: "What? HR? You want to play that game? Be Careful." Gallihue further stated "Do not ever threaten me that will not work in your favor" "You do not go to HR without me" "I am very disappointed in you" "Why would you say that to me?" (evidencing his pattern of retaliatory behavior).

6

27. Furthermore, as part of the discriminatory and retaliatory treatment that Plaintiff had been subjected to, Gallihue also issued her a pretextual written warning on or about October 24, 2016. Notably, the written discipline, dated October 20, 2016, was never signed off as being approved by anyone else other than Gallihue (a step that, upon information and belief, Defendant requires as per their disciplinary form).

28. In or about October of 2016, Plaintiff spoke with Michael Hampton (HR Manager), after being issued her October 24, 2016 discipline. During her discussion with Hampton, Hampton informed Plaintiff that when Gallihue presented HR with said discipline prior to issuing it to her, HR informed Gallihue that they could not approve it because Gallihue had no evidence or examples of the underlying circumstances contained in the written discipline. Additionally, Gallihue arbitrarily decided to skip levels of discipline – presumably as a way to terminate Plaintiff in a more expedited fashion.

29. Furthermore during her discussion with Hampton about the aforesaid October 24, 2016 discipline, Plaintiff specifically informed Hampton that she felt as though she was being retaliated against by Gallihue. Plaintiff further told Hampton that she believed she was being targeted, singled out, and treated differently by Gallihue ever since returning from her medical leave in September of 2016 (discussed *supra*). Plaintiff even forwarded text messages directly to Hampton as evidence of Gallihue's threats and pattern of retaliation when someone speaks out against him.

30. On or about October 26, 2016, Plaintiff submitted a request to work from home as a result of other health conditions she was suffering from related to her liver, as Plaintiff needed to attend doctors' appointments and undergo dialysis related to such condition (which made it hard for her to drive).

7

31. Plaintiff's aforesaid October 26, 2016 work-from-home request was granted; however, in response, Gallihue gave Plaintiff near impossible assignments, which resulted in her having to request a full medical leave of absence.

32. In response to her request for a medical leave of absence in or about late-October of 2016, Stephen Masi (Vice President), began to berate Plaintiff about how long of a medical leave she would need and questioned whether she would be out on medical leave until she received a liver transplant. Plaintiff responded by telling Masi that she would only need to be out until her doctors stabilized her blood levels with dialysis and medications.

33. Plaintiff eventually submitted documentation on or about November 7, 2016, stating that she needed an extended medical leave of 30 days; however, following her submission, no one from Defendants' HR department confirmed receipt of her reasonable accommodation request. Therefore, Plaintiff took it upon herself to follow up with Defendants' HR department.

34. In response to Plaintiff's aforesaid inquiry about whether Defendants received her reasonable accommodation request for an additional 30 days of medical leave, Masi contacted Plaintiff and informed her that he were in receipt of her doctor's note. Masi then stated to Plaintiff "is your doctor just stalling and providing you with an excuse note until you get a liver transplant."

35. Following Masi's discriminatory and completely inappropriate comment/question, he informed Plaintiff that Defendants and her would have to part ways because "[her] not being here impacts the needs of the department," which is completely pretextual, as there were several more individuals hired in Plaintiff's department since her first medical leave in September of 2016 and Defendants could have very easily accommodated her for another 30 days.

8

36. Following Plaintiff's discussion with Masi, wherein she was informed that she was being terminated, Masi sent Plaintiff an unsolicited severance agreement requesting that she waive all of her claims against Defendants (an agreement that she did not sign).[2]

37. Plaintiff believes and therefore avers that she was terminated for reasons directly related to her aforesaid health conditions and need/requests for reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act "ADA"
([1]Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Hostile Work Environment; [4] Failure to Accommodate)
-Against Both Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffered from qualifying health conditions under the ADA (including health conditions related to her liver and a dependency-related medical condition), which (at times) effected her ability to perform some daily life activities, including but not limited to working, sleeping, and performing general tasks.

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

40. Plaintiff requested a medical leave of absence in or about August of 2017 for her dependency-related health issues and returned to work on or about September 26, 2016 (a reasonable accommodation under the ADA).

41. After returning to work from her first medical leave of absence, Plaintiff was treated with extreme hostility and animosity by her supervisor Gallihue in the form of unrealistic work demands, discriminatory comments, pretextual discipline, threats of employment, and over-all demeaning/discriminatory treatment.

42. Plaintiff complained to Defendants' HR department, including but not limited to Hampton, that she was being subjected to discriminatory and retaliatory treatment by Gallihue because of her health conditions and need for reasonable accommodations; however, Defendants failed to properly investigate or resolve Plaintiff's concerns.

43. On or about October 26, 2016, Plaintiff submitted a request to work from home as a result of other health conditions she was suffering from related to her liver (another reasonable accommodation under the ADA), as Plaintiff needed to attend doctors' appointments and undergo dialysis related to such condition (which made it hard for her to drive).

44. Plaintiff's aforesaid October 26, 2016 work-from-home request was granted; however, in response, Gallihue gave Plaintiff near impossible assignments, which resulted in her having to request a full medical leave of absence.

45. In response to Plaintiff's reasonable accommodation request for another brief medical leave of absence in October of 2016, Plaintiff was met with further hostility an animosity by Defendants' VP, Masi, who made discriminatory and inappropriate comments and inquiries regarding her need for medical leave.

46. On or about November 9, 2016, shortly after submitting documentation to Defendants regarding her request an extended medical leave of 30 days (which could have easily been accommodated), Plaintiff was informed by Masi that she was being terminated from Defendants because "[her] not being here impacts the needs of the department."

47. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, issued pretextual discipline, and terminated from Defendants because of her (1) known and/or perceived disabilities; (2) record of impairment; and/or (3) requests for reasonable accommodations, which constitutes unlawful retaliation.

48. Plaintiff also believes and therefore avers that she was terminated as a result of Defendants' failure to accommodate her need for an extended medical leave.

49. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 10, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHELLE LEVIS | : | CIVIL ACTION |
| v. | : | |
| RECOVERY CENTERS OF AMERICA HOLDINGS, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 7/10/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5732 Cavalier Court, Bensalem, PA 19020

Address of Defendant: 2701 Renaissance Blvd., 4th Floor, King of Prussia, PA 19406

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/10/2017    Attorney-at-Law    ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/10/2017    Attorney-at-Law    ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEVIS, MICHELLE

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
RECOVERY CENTERS OF AMERICA HOLDINGS, LLC, et al.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act "ADA" 42USC12101

Brief description of cause:
Violations of the ADA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7/10/2017

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

[Print]   [Save As...]   [Reset]